# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| RAINEY ROGERS | § | |
| | § | |
| v. | § | Civil Action No. 4:18-CV-00213 |
| | § | Judge Mazzant |
| NATIONWIDE GENERAL INSURANCE COMPANY | § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Nationwide General Insurance Company's Motion to Compel Appraisal and to Abate Judicial Proceedings (Dkt. #15). Having reviewed the motions and relevant pleadings, the Court finds that Defendant's motion to compel should be granted.

## BACKGROUND

The above-referenced case arises out of a dispute between a policyholder and its insurer regarding the extent of damages and amount of loss suffered to Plaintiff's property located at 2514 Highgate Drive, McKinney, Texas 75070 (the "Property"). Defendant Nationwide Property & Casualty Insurance Company ("Nationwide") issued a homeowners insurance policy to Plaintiff Rainey Rogers, effective September 12, 2016, through September 12, 2017 (the "Policy") (Dkt. #15 at p. 2). On or about March 26, 2017, the Property suffered damage due to storm-related conditions (Dkt. #15 at p. 2). On April 13, 2017, Plaintiff made a claim to Nationwide for damage resulting from the storm (Dkt. #15 at p. 3).

Nationwide assigned the claim to its adjuster Mitchell Dotson ("Dotson"), who inspected the Property on April 24, 2017 (Dkt. #1 at p. 2). Dotson found a total amount of $9,175.35 in hail damage to Plaintiff's property. Dotson found no damage to Plaintiff's tile roof.

Plaintiff requested Nationwide perform a re-inspection occur, and on June 20, 2017, Adam Hall ("Hall") visited Plaintiff's home to determine whether the tile roof was damaged by the March 26, 2017 hail storm. Hall ultimately found, among other damage, hail damage to three tiles on Plaintiff's tile roof. In light of Hall's report, on June 23, 2017, Dotson completed a new estimate of damage. The next day, Nationwide issued a letter to Plaintiff covering a portion of the claim but denying full replacement of Plaintiff's tile roof.

On August 10, 2017, Plaintiff's public adjuster, submitted its letter of representation, an estimate for repairs totaling $163,497.12, and photo report showing evidence of hail damage to Plaintiff's roof. On September 12, 2017, Dotson completed his third revised estimate on and maintained Nationwide's denial of a full roof replacement.

Based on these general facts, Plaintiff sued Nationwide on February 21, 2018 in the 366th Judicial District Court of Collin County, Texas for breach of the duty of good faith and fair dealing and violations of the Texas Deceptive Trade Practice Act and Texas Insurance Code. On March 28, 2018, Nationwide removed the case to the Eastern District of Texas. After the Court signed its Order and Advisory (Dkt. #6), Plaintiff filed his Amended Complaint on May 4, 2018 (Dkt. #9). Nationwide answered the Amended Complaint on May 24, 2018 (Dkt. #11). On June 15, 2018, the Court entered the parties Scheduling Order (Dkt. #12).

On June 27, 2018, Nationwide invoked appraisal under the policy, selected Kevin Kidell as its appraiser, and requested that Plaintiff designate an appraiser within twenty days. On July 13, 2018, counsel for the parties conferred and Plaintiff advised Nationwide that he would not agree to proceed with appraisal. Accordingly, on July 23, 2018, Nationwide filed the present motion to compel (Dkt. #15). On August 3, 2018, Plaintiff filed his response (Dkt. #17). On August 10, 2018, Nationwide filed a reply (Dkt. #20).

## LEGAL STANDARD

"Appraisal clauses, a common component of insurance contracts, spell out how parties will resolve disputes concerning a property's value or the amount of a covered loss." *In re Universal Underwriters of Tex. Ins. Co.,* 345 S.W.3d 404, 405 (Tex. 2011). "These clauses are generally enforceable, absent illegality or waiver." *Id*. at 407; *TMM Invs., Ltd. v. Ohio Cas. Ins. Co.,* 730 F.3d 466, 471 (5th Cir. 2013). Once invoked, courts are discouraged from interfering with the appraisal process. *See State Farm Lloyds v. Johnson,* 290 S.W.3d 886, 895 (Tex. 2009). But, a valid appraisal does not "divest the courts of jurisdiction, but only binds the parties to have the extent or amount of the loss determined in a particular way." *Id*. at 889.

## ANALYSIS

Nationwide moves the Court to compel appraisal and to abate the case pending the outcome of the appraisal. Plaintiff maintains that the Court should not compel appraisal because Nationwide waived its right to appraisal. Both parties agree that if appraisal is compelled by the Court, abatement of the action is appropriate.

The relevant portion of the Policy states:

**6. APPRAISAL** If you and we fail to agree on the amount of loss, either can demand that the amount be set by appraisal. If either makes a written demand for appraisal, each will select a competent, independent appraiser and notify the other of the appraiser's identity within 20 days of receipt of the written demand. The two appraisers will then select a competent, impartial umpire. If the two appraisers cannot agree on an umpire within 15 days, you or we can ask a judge of a court of record in the state where the residence premises is located to select a competent, impartial umpire.

The appraisers will then set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of the loss. If the appraisers fail to agree within a reasonable time, they will submit their differences to the umpire. Written agreement signed by any two of these three will set the amount of the loss. Each appraiser will be paid by the party selecting that appraiser. Other expenses of the appraisal and the compensation of the umpire will be paid equally by you and us. Any fees of expert witnesses or attorneys will be

> paid by the party who hires them. Neither the umpire nor the appraiser will have a financial interest that is conditioned on the outcome of the specific matter for which they are called to serve.
>
> This is not a provision providing for or requiring arbitration. The appraisers and umpire are only authorized to determine the actual cash value, replacement cost, or cost to repair the property that is subject to the claim. They are not authorized to determine coverage, exclusions, conditions, forfeiture provisions, conditions precedent, or any other contractual issues that may exist between you and us. The appraisal award cannot be used by either you or us in any proceeding concerning coverage, exclusions, forfeiture provisions, conditions precedent, or other contractual issues. However, once contractual liability is admitted or determined, the appraisal award is binding upon you and us. This appraisal process and authority granted to the appraisers and the umpire can only be expanded or modified by written mutual consent signed by you and us.
> . . .
>
> **8. Suit against us.** No action can be brought against us unless there has been full compliance with the policy provisions. Any action must be started within two years and one day after the date of loss or damage.

(Dkt. #15, Exhibit A at pp 48–49).

Plaintiff argues that Nationwide waived its ability to demand appraisal because Nationwide failed to invoke the appraisal provision within a reasonable time after an impasse was reached (Dkt. #17 at p. 6). Nationwide maintains that they did not waive their right to engage in the appraisal process and that even if the Court finds waiver, there is no prejudice.

Appraisal clauses "are generally enforceable, absent illegality or waiver." *In re Universal Underwriters,* 345 S.W.3d at 407; *TMM Invs.,* 730 F.3d at 471. "Waiver is an affirmative defense, and the party alleging waiver has the burden of proof." *Dike*, 797 F. Supp. 2d at 784 (citing *JM Walker LLC v. Acadia Ins. Co.*, 356 F. App'x 744, 748 (5th Cir. 2009) (per curiam)). To establish waiver, "'the acts relied on must be such as are reasonably calculated to induce the assured to believe that a compliance by him with the terms and requirements of the policy is not desired, or would be of no effect if performed.'" *In re Universal Underwriters,* 345 S.W.3d at 407 (quoting *Scottish Union & Nat'l Ins. Co. v. Clancy*, 8 S.W. 630, 631 (Tex. 1888)). The Texas Supreme

Court further clarified that "'waiver requires intent, either the intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right.'" *Id.* (alterations omitted) (quoting *In re Gen. Elec. Capital Corp.*, 203 S.W.3d 314, 316 (Tex. 2006)).

Plaintiff argues that Nationwide unreasonably delayed in invoking appraisal for six months after impasse and four months into active litigation, and that he suffered prejudice as a result of that delay. Nationwide asserts that it requested appraisal at a reasonable time and further asserts that there is no prejudice in this case because the Policy gives both sides the same opportunity to demand an appraisal. Lastly, Nationwide asserts that the Policy contains a non-waiver clause that prevents implied waiver of its right to invoke appraisal.

"Appraisal is intended to take place before suit is filed." *Johnson,* 290 S.W.3d at 894. Appraisal is favored because "[a]ppraisals require no attorneys, no lawsuits, no pleadings, no subpoenas, and no hearings." *Amtrust Ins. Co. of Kan. v. Starship League City, L.P.*, No. 4:11- CV-00672, 2012 WL 2996489, at *4 (E.D. Tex. June 4, 2012), *report and recommendation adopted*, No. 4:11-CV-00672, 2012 WL 2997404 (E.D. Tex. July 23, 2012) (quoting *Johnson,* 290 S.W.3d at 894) (internal quotation omitted). Many of the benefits of appraisal are lost if a party is allowed to delay invoking the appraisal. "While an appraisal may be invoked after suit is filed, one may do so only if the failure to invoke the appraisal clause earlier has not amounted to waiver." *Cmty. Bank v. Bancinsure, Inc.*, No. CIVA2:09-CV-125-TJW, 2010 WL 1068193, at *3 (E.D. Tex. Mar. 22, 2010) (citing *Dwyer v. Fid. Nat'l Prop. & Cas. Ins. Co.,* 565 F.3d 284, 288 (5th Cir. 2009)).

"Once the parties have reached an impasse—that is, a mutual understanding that neither will negotiate further—appraisal must be invoked within a reasonable time." *In re Universal Underwriters,* 345 S.W.3d at 410. An impasse is reached when it becomes apparent to both sides

that they disagree as to the damages and any further attempts to negotiate a settlement is futile. *Id.* at 408–09. An impasse can exist despite the fact that the parties are engaged in continuing efforts to resolve their dispute, including mediation. *See Jai Bhole, Inc. v. Emp'rs Fire Ins. Co.,* No. CIV.A. G–10–522, 2014 WL 50165, at *2 (S.D. Tex. Jan. 7, 2014). Further, if either party delays in requesting an appraisal after reaching impasse, the delay on its own is not enough, a party must also show that it has been prejudiced. *In re Universal Underwriters*, 345 S.W.3d at 411 (citations omitted).

The parties reached an impasse in this case no later than December 21, 2017. On December 19, 2017, Plaintiff's counsel sent Nationwide a settlement offer. In a letter dated December 21, 2017, Nationwide declined Plaintiff's settlement offer and disputed each of Plaintiff's allegations in his demand. By this time, Nationwide had inspected the property twice and tendered three estimates of damage to the property. The third and final estimate, on September 12, 2017, declined replacement of Plaintiff's roof entirely. After Plaintiff's offer was rejected, no settlement discussions took place, even after Plaintiff filed its lawsuit in February 2018.

Nationwide first requested an appraisal on June 27, 2018, about six months after the parties reached an impasse. Since the Policy does not include a time frame in which a party must request an appraisal, Nationwide needed to make the request for appraisal within a reasonable time from the moment of impasse. *In re Universal Underwriters,* 345 S.W.3d at 410. Plaintiff has not presented the Court with any authority to suggest that a six-month delay is per se unreasonable, absent other conduct that would result in waiver, and the cases cited by Plaintiff are distinguishable (See Dkt. #17 at pp. 7–9). In *In re Allstate Vehicle & Prop. Ins. Co.*, the Fort Worth Court of Appeals found an appraisal demand three-months after the point of impasse unreasonable because

the insurer's "conduct clearly constituted intentional conduct inconsistent with its right to invoke the contractual right of appraisal. . . ." 549 S.W.3d 881 (Tex. App.—Fort Worth 2018).

> Prior to invoking the appraisal provision set forth in [Plaintiff's] policy, Allstate had conducted at least six inspections of [Plaintiff's] roof; had removed the case to federal court—the federal court remanded it to state court three months later; had taken [Plaintiff's] deposition; had conducted discovery; had agreed to a February 2018 trial setting; had sought and had obtained an order from the trial court compelling a seventh inspection of [Plaintiff's roof by a new Allstate expert—specifically representing to the trial court that a seventh inspection was needed for Allstate to prepare for the upcoming jury trial; and had obtained an extension of time to the expert designation deadline in order to designate the new expert conducting the seventh inspection—Plaintiff's counsel stated that she had no objection to an extension of Allstate's designation deadline for the new expert "[a]s long as it doesn't postpone the trial setting."

*Id.* (footnotes omitted). Nationwide's intentional conduct inconsistent with its right to invoke the contractual right of appraisal is lacking.[1]

Furthermore, the Policy contains a nonwaiver clause, which states

**1. How your policy may be changed**
. . .
    c) A waiver or change of a part of this policy must be in writing by us to be valid. Our request for an appraisal or examination does not waive our rights.

(Dkt. #15, Exhibit A at p. 64). "Non-waiver clauses are generally considered valid and enforceable." *In re Am. Nat'l Prop. & Cas. Co.*, No. 04-18-00138-CV, 2018 WL 3264932, at *3 (Tex. App. July 5, 2018) (quoting (*In re GuideOne Mut. Ins. Co.*, No. 10-16-00404-CV, 2017 WL 1749793, at *2 (Tex. App.—Waco May 3, 2017, orig. proceeding)). "Given Texas's strong public policy favoring freedom of contract, there can be no doubt that, as a general proposition, nonwaiver provisions are binding and enforceable. This acknowledgment accords with [Texas Supreme Court's] treatment of nonwaiver agreements in the insurance context." *Shields Ltd. P'ship v. Bradberry*, 526 S.W.3d 471, 481–82 (Tex. 2017).

---

[1] Nationwide invoked appraisal under the policy, less than thirty days after filing its answer to Plaintiff's amended complaint.

Although "a nonwaiver provision absolutely barring waiver in the most general of terms might be wholly ineffective." *Id*. at 484. "The critical inquiry is whether [the Insurer] intentionally engaged in conduct inconsistent with claiming the right to enforce the nonwaiver agreement." *Id*. at 485. Plaintiff did not show Nationwide intentionally engaged in conduct inconsistent with claiming the right to enforce the nonwaiver agreement."

Even if the Court concludes Nationwide waived the nonwaiver clause and waived its right to seek an appraisal based on delay, Plaintiff is required to show that any failure to demand appraisal within a reasonable time prejudiced him. *In re Universal Underwriters*, 345 S.W.3d at 411. Plaintiff asserts that he "hired an expert on June 1, 2018, to inspect his property and opine on Plaintiff's damages in this case. Plaintiff would not have hired this expert had it known that [Nationwide] intended on invoking its right to appraisal." (Dkt. #17 at ¶ 24). Thus, "[a]n appraisal would financially burden Plaintiff, and, therefore, prejudice Plaintiff." (Dkt. #17 at ¶ 24). However, "it is difficult to see how prejudice could ever be shown when the policy, like the one here, gives both sides the same opportunity to demand appraisal. If a party senses that an impasse has been reached, it can avoid prejudice by demanding an appraisal itself. This could short-circuit potential litigation and should be pursued before resorting to the courts." *In re Universal Underwriters*, 345 S.W.3d at 412. As such, in the Court's discretion, the Court finds that the proceedings should be abated until the completion of the appraisal process.[2]

---

[2] Although not asserted by either party, under Texas law, 'Suit Against Us' clauses, also known as 'No Action' clauses, are valid conditions precedent to liability under insurance policies." *Harville v. Twin City Fire Ins. Co.*, 885 F.2d 276, 279 (5th Cir. 1989) (citing *Great Am. Ins. Co. v. Murray*, 437 S.W.2d 264, 265 (Tex. 1969)). "In the case of an insurer trying to enforce a condition precedent . . . a proper remedy is abatement—or a stay of the proceedings—rather than barring the claim." *U.S. Pecan Trading Co. v. Gen. Ins. Co. of Am.*, No. EP-08-CV-347-DB, 2008 WL 5351847, at *2 (W.D. Tex. Nov. 6, 2008) (citing *Lidawi v. Progressive Cty. Mut. Ins. Co.*, 112 S.W.3d 725, 735 (Tex. App.—Houston [14th Dist.] 2003, no pet.)).

Here, the Policy contains the following language, "**8. Suit against us.** No action can be brought against us unless there has been full compliance with the policy provisions. Any action must be started within two years and one day after the date of loss or damage." (Dkt. #15, Exhibit A at p. 49). Several courts have construed "nearly identical 'Appraisal' and 'Suit Against Us' clauses together to be 'clear and unambiguous' in entitling the insurer 'to have the

In the alternative, Plaintiff requests the Court award him reasonable costs and fees expended prior to the appraisal demand. However, "[Plaintiff] initiated the litigation rather than first pursuing an appraisal, [he] participated in discovery, and [he] otherwise prepared for mediation or trial. At no point did [he] request an appraisal." *In re Am. Nat'l Prop. & Cas. Co.*, 2018 WL 3264932, at *5 (citing *In re Cypress Tex. Lloyds*, 419 S.W.3d 443, 445 (Tex. App.—Beaumont 2012, orig. proceeding) (per curiam) ("When a party knows of its right to request an appraisal and does not make that request, it is difficult to attribute the costs incurred to the opponent.")). Accordingly, Plaintiff's request for fees and costs is denied.

## CONCLUSION

It is therefore **ORDERED** that Defendant Nationwide General Insurance Company's Motion to Compel Appraisal and to Abate Judicial Proceedings (Dkt. #15) is hereby **GRANTED** and the case is **ABATED** pending the outcome of the appraisal process. The parties should notify the Court upon completion of the appraisal process.

**SIGNED this 13th day of August, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

appraisal procedure followed and the underlying suit abated until the completion of that procedure.'" *Butler v. Prop. & Cas. Ins. Co. of Hartford*, No. CIV.A. H-10-3613, 2011 WL 2174965, at *2 (S.D. Tex. June 3, 2011) (citing *Vanguard Underwriters*, 999 S.W.2d 448 at 450–51 (Tex. App.—Amarillo 1999)); *see also James v. Prop. & Cas. Ins. Co. of Hartford*, No. CIV.A. H-10-1998, 2011 WL 4067880, at *1 (S.D. Tex. Sept. 12, 2011).